## JAMES GUTHRIE'S EX'R *v.* J. H. McGOODWINS.

**Landlord and Tenant—Oral Agreement as to Rent.**

     Where a written lease does not fix the rent, it is competent for the lessor and the lessee to orally agree upon and fix the rent.

**Landlord and Tenant—Rental—Valuation of Property.**

     Where the lessee is sued for rent, he may show satisfaction of the claim by proving that he paid the rent as agreed upon, by arriving at the value of the property in a different manner from that adopted in the written lease.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 18, 1873.

OPINION BY JUDGE PRYOR:

The lessor and lessee in this case, instead of having a valuation placed upon the property in accordance with the provisions of the

written lease, orally agreed upon a fixed sum as its rental value. This parol agreement as to the consideration was not a contract for the sale or leasing of any real estate, but only an agreement as to what the consideration should be. The contract of leasing had already been reduced to writing and although a certain mode had been agreed upon by its terms by which the annual renting was to be ascertained, still it was entirely competent for the parties to agree by parol as to what sum should be paid without resorting to the means provided by the contract and this in no manner affected the validity of the lease. In the case of *Gully v. Grubbs,* 1 J. J. Marshall 387, it was said that the contract for the sale of the land being in writing it was not necessary that the promise to pay for it should be in writing, and it is the recognized doctrine in this state that contracts, even within the statute of frauds, may be relied on as a defense to an action and when sued for the rent it was proper to permit the appellee to show satisfaction of the claim by proving that he had paid the rent as agreed upon by the lessor and himself, although it may appear that the two arrived at the value of the property in a different manner from the mode adopted by the writing. *Roberts v. Tennell,* 3 T. B. Mon. 247 ; *Berry v. Graddy, Adm'r,* 1 Metcalfe 553.

The testimony of the agent of Guthrie leaves no reason to doubt that such an agreement was made as is relied on by the appellee. The appellee having paid the money into court must leave it to the chancellor to say who is entitled to receive it, the executor or the heirs.

Judgment *affirmed.*

*Arbegast, for appellant.*

*Barr, Goodloe, for appellee.*